JUSTICE NELSON
specially concurs.
I concur in our decision. I question, however, whether we should continue to cite our decision in State v. McDonald (1985), 215 Mont. 340, 697 P.2d 1328, as authority for the rule that a criminal defendant on a charge of driving under the influence is entitled to the procedural safeguards of the administrative rules. While there is nothing wrong with this rule, our decision in McDonald relied for this proposition to a great extent on the procedural and foundational requirements of § 61-8-404(1)(b), MCA(1983)—evidently because McDonald’s DUI was committed on August 12, 1983, and because his case was not decided by this Court until April 2, 1985. McDonald, 697 P.2d at 1329-31. We held that “[t]o admit evidence of blood alcohol content and a test report, the State must lay a foundation pursuant to § 61-8-404, MCA, which incorporates [23.3.931 ARM].” McDonald, 697 P.2d at 1331.
The problem is that the version of § 61-8-404, MCA, which we cited was significantly different than the version of this statute that actually applied to McDonald’s case. Section 61-8-404, MCA(1981), was applicable to McDonald’s case, and that version of the statute did not contain the procedural safeguards and foundational requirements referred to. Subsection (1)(b), which contains those requirements was added to the statute by the 1983 Legislature. See 1983 Mont.Laws 698. This amendment did not, however, become effective until October 1, 1983. See 1983 Mont.Laws 698; § 1-2-201, MCA; Laws of Montana (1983), Vol. Ill at 2213. Thus, the statutory procedural and foundational requirements that we referred to did not apply until months after McDonald was given the breath-alcohol test at issue.
While the rule is correct, McDonald is not particularly good authority for it and, in my view, this case should no longer be cited.
JUSTICE GRAY concurs in the foregoing special concurrence.